UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL A. ROGERS,

    Plaintiff,

v.

THE SALVATION ARMY,

    Defendant.

                               /

Case No. 14-12656

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND SANCTIONS [26]**

    Plaintiff Carol Rogers filed this action against her former employer, the Salvation Army ("TSA"), asserting claims for discrimination and harassment under Title VII, the Age Discrimination in Employment Act ("ADEA"), and Michigan's Elliot Larsen Civil Rights Act ("ECLRA").[1] On May 11, 2015, the Court granted TSA's motion for summary judgment on the basis that Plaintiff's claims were barred by the ministerial exception and failed to satisfy the *McDonnell Douglas* burden-shifting framework. *See* (Dkt. 24, May 11, 2015 Order). TSA now seeks its actual costs and attorneys' fees incurred in connection with the litigation pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. For the reasons set forth below, the Court DENIES TSA's request.

**I.    BACKGROUND**

    The facts giving rise to Plaintiff's complaint are thoroughly set forth in the Court's order granting TSA's motion for summary judgment. (Dkt. 24). Here, TSA argues that it is entitled

---

    [1] 42 U.S.C § 2000e, *et seq.*, 29 U.S.C. § 621, *et seq.*, and Mich. Comp. Laws. § 37.2101, *et seq.*, respectively.

to an award of attorneys' fees in the amount of $93,375 on the basis that Plaintiff's claims were "frivolous, unreasonable, and groundless." (Def.'s Mot. 8). TSA further maintains that Plaintiff's counsel continued to litigate this case in bad faith after it became clear that the ministerial exception barred the majority of Plaintiff's claims. TSA's request is premised under 42 U.S.C. § 1988 and 28 U.S.C. § 1927, both of which require a strong showing of egregious misconduct on the part of Plaintiff's counsel.

## II. ANALYSIS

Under the so-called American Rule, litigating parties must bear their own attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees."). The only exceptions to this rule are where (1) Congress has implemented a fee-shifting provision providing the prevailing party with a statutory basis for recovery, (2) the parties' relationship is governed by an enforceable contract that contains a fee provision, or (3) the court, relying on its inherent equitable powers, finds that "the claims were meritless, that counsel should have known that the claims were meritless, *and* that the claims were pursued for an improper purpose." *Bank Yank Corp. v. Liberty Mut. Fire Ins. Co.,* 125 F.3d 308, 314 (6th Cir. 1997) (emphasis in original). The Court is guided by the principle that an award of attorneys' fees "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Ray A. Scharer and Co. v. Plabell Rubber Products*, 858 F.2d 317, 320 (6th Cir.1988). Here, TSA relies on two separate statutory provisions in support of its argument for attorneys' fees. The Court considers each in turn.

### A.  42 U.S.C. § 1988

2

TSA first argues that it is entitled to attorneys' fees under 42 U.S.C. § 1988. The Court need not consider the substantive merit of this argument because § 1988 does not apply to the legal claims giving rise to Plaintiff's complaint. Indeed, § 1988 applies only:

> [i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title . . . .

42 U.S.C. § 1988(b). Plaintiff's claims, premised under Title VII, the ADEA, and ECLRA, are not among those listed under § 1988(b). *See Arvinger v. Mayor & City Council of Baltimore*, 31 F.3d 196, 200, fn.1 (4th Cir. 1994) ("[w]e agree that Arvinger filed his attorneys fee petition under a provision not applicable here. He succeeded in the first litigation only under Title VII, and his allegation of retaliation in the present case was only made under Title VII. Section 2000e–5(k), and not § 1988, of Title 42 would therefore be the applicable provision, if any, governing an award of attorneys fees."). Moreover, even assuming TSA did assert a right to recovery under Title VII's fee-shifting provision--which it did not--any such request would be untimely at this juncture. *See Dillard v. Inalfa Roof Systems*, 05-72621, 2006 WL 3206079, *2 (E.D.Mich. Nov.3, 2006) (Cleland, J.) (42 U.S.C. § 2000e-5(k) "does not provide a time frame for filing a motion for attorneys' fees. Therefore, [Fed. R. Civ. P.] 54(b)(2)(B)'s fourteen-day time period applies to the present motion.").

As such, the Court must, and does, DENY TSA's request as it pertains to 42 U.S.C. § 1988.

**B.  28 U.S.C. § 1927**

3

In the alternative, TSA argues that Plaintiff's counsel should be held individually responsible for its attorneys' fees on the basis that he "should have known as late as November 17, 2014 that most of the claims had no merit and were barred as a matter of law by the ministerial exception, and the sex harassment claims were barren of any legitimate support." (Def.'s Mot. 18). The Court finds TSA's argument to be unpersuasive for a number of reasons.

Section 1927 of Title 28 provides for an award of attorneys' fees, costs, and expenses where an "attorney . . . multiplies the proceedings in any case unreasonably and vexatiously . . . . " In *United States v. Ross*, 535 F.2d 346 (6th Cir.1976), the Sixth Circuit defined "unreasonably and vexatiously" to mean "an intentional departure from proper conduct, or, at a minimum, . . . a reckless disregard of the duty owed by counsel to the court[.]" *Id.* at 349. The court would later expand on this definition, providing some helpful perspective on the distinction between zealous representation and vexatious conduct:

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable and vexatious.' Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir.1986). "*Jones* makes clear that the standard for section 1927 determinations in this circuit is an objective one, entirely different from determinations under the bad faith rule." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987).

TSA's primary argument in support of sanctions under section 1927 revolves around Plaintiff's counsel's decision to continue litigating "even after Plaintiff's own testimony established that she was a ministerial employee and the claims were barred by the First Amendment's 'ministerial exception' . . . .'" (Def.'s Br. 6). This argument assumes that (1) the ministerial exception--and its application to Plaintiff's position--was firmly rooted in controlling precedent at the time in question, and (2) Plaintiff's counsel was willfully ignorant of this fact. The record belies both of these contentions.

First, as the Court's order granting TSA's motion for summary judgment makes clear, the application of the ministerial exception to Plaintiff's discrimination claims was heavily influenced by the Sixth Circuit's decision in *Conlon v. InterVarsity Christian Fellowship*, 777 F.3d 829 (6th Cir. 2015). This fact is important for at least two reasons. For starters, *Conlon* was issued just two months before oral argument on TSA's motion, and well after Plaintiff's deposition was taken. In other words, even assuming Plaintiff's counsel was on notice of *Conlon*--which the record establishes he was not--he was left only to guess how that decision might be applied at the district court level. Furthermore, TSA's own counsel openly acknowledged that he "was at a loss regarding the nature of [*Conlon*]" when asked to discuss the ramifications of the court's holding at oral argument.[2] *See* (Mot. Hrg. Tr. 4, 21-22). At a minimum, then, subjecting Plaintiff's counsel to sanctions would amount to a double standard.

Moreover, even assuming, as TSA suggests, that "the ministerial exception was clearly applicable to Plaintiff" prior to the Sixth Circuit's decision in *Conlon,* the court has

---

[2] Inexplicably, TSA's counsel failed to reference *Conlon* in its motion for summary judgment.

5

held that "[a] sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants." *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001). Here, TSA had several opportunities following Plaintiff's deposition to seek summary judgment but opted not to so do. Lacking any information to the contrary, the Court is left only to assume that this was a strategic decision based on the relative strength of Plaintiff's claims.

In sum, the Court is not persuaded that Plaintiff's counsel's conduct in this case was "unreasonable and vexatious." At best, TSA has merely punctuated the fact that *neither* party was aware of a key Sixth Circuit decision that happened to land squarely in TSA's corner. Furthermore, while Plaintiff's harassment claims were likewise unsuccessful, "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Id.* at 553 (citations omitted). In fact, the evidence revealed a number of isolated incidents supportive of a *prima facie* claim for sexual harassment, which the Court thoroughly discussed in its order granting TSA's motion for summary judgment. Without some indication that Plaintiff's counsel acted with an improper purpose, the Court must, and does, DENY TSA's request for sanctions under section 1927.

## III.  Conclusion

For the above-stated reasons, TSA's motion for attorneys' fees and sanctions is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 23, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager